**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **Civil No.** 2:12-cv-03075-DCN |
| ) | |
| **Plaintiff,** ) | |
| ) | **IN ADMIRALTY** |
| **v.** ) | |
| ) | |
| **BLACK MED LINES, LTD., FAIRSKY** ) | |
| **SHIPPING AND TRADING, S.A., AND** ) | |
| **SHIPOWNERS INSURANCE AND** ) | |
| **GUARANTY COMPANY, LIMITED,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

_____

### COMPLAINT OF THE UNITED STATES OF AMERICA

The United States alleges on information and belief the following:

1.      This action arises from an October 19, 2009 oil spill from the M/V JOHN F into Charleston Harbor.  On the date of the oil spill, Black Med Lines, Ltd. owned the M/V JOHN F and Fairsky Shipping and Trading, S.A. operated the vessel.  Shipowners Insurance and Guaranty Company, Limited had previously issued an insurance guaranty for the M/V JOHN F.  The guaranty was in effect on the date of the accident.

2.      This admiralty case is brought under the Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*

### JURISDICTION AND VENUE

1

3.      The United States is authorized to bring this suit and the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (Federal Question), 1333 (Admiralty), 1345 (United States as Plaintiff); and 33 U.S.C. § 2717(b) (Oil Pollution Act).

4.      Venue is proper in the District of South Carolina pursuant to 28 U.S.C. § 1391(b) (Venue in General) and 33 U.S.C. § 2717(b) (Oil Pollution Act).

5.      Black Med Lines, Ltd. is a foreign corporation or entity transacting business in this District and within the jurisdiction of this Court with respect to the matters sued upon herein.  Black Med Lines is within the Court's jurisdiction through its control and ownership of the M/V JOHN F.  Black Med Lines' activities in this District have had direct impacts within South Carolina and this District, including the effects arising from the October 2009 oil spill.

6.      Fairsky Shipping and Trading, S.A. is a Greek corporation or entity transacting business in this District and within the jurisdiction of this Court with respect to the matters sued upon herein.  Fairsky is within the Court's jurisdiction through its control and operation of the M/V JOHN F.  Fairsky's activities in this District have had direct impacts within South Carolina and this District, including the effects arising from the October 2009 oil spill.

7.      Shipowners Insurance and Guaranty Company, Limited ("SIGCO") is a Bermuda corporation or entity transacting business in this District and within the jurisdiction of this Court with respect to the matters sued upon herein.  The corporation is within the Court's jurisdiction by virtue of its insurance guaranty pertaining to liabilities

2

incurred by or pertaining to the M/V JOHN F and its other continuing contacts within South Carolina and this District.

## GENERAL ALLEGATIONS

8.      The M/V JOHN F (Official Number 8902486) is a Cypriot flagged dry bulk carrier.  The vessel is approximately 600 feet in length with a displacement of approximately 24,600 gross tons.

9.      On October 19, 2009, Black Med Lines owned and was responsible for the M/V JOHN F.

10.     On October 19, 2009, Fairsky operated and was responsible for the M/V JOHN F.

11.     On October 19, 2009, SIGCO was a guarantor of the M/V JOHN F.

12.     On October 19, 2009, the M/V JOHN F was anchored in Charleston Harbor, taking on fuel from a barge towed by the M/V CHATHAM.

13.      At about 12:50 p.m., a CHATHAM crew member noticed that fuel was discharging from a vent for one of the M/V JOHN F's fuel tanks.  The fueling operation stopped but not before fuel had spilled onto the deck and over the vessel's side into Charleston Harbor.

14.     The spill occurred because the valve used to isolate the tank receiving fuel was broken and permitted the fuel to overflow the tank and associated spill containment area.  The overflow of fuel went undetected for an unknown period of time.

2:12-cv-03075-DCN     Date Filed 10/24/12     Entry Number 1     Page 4 of 8

**POLLUTION PROTECTION AND OIL SPILL RECOVERY EFFORTS**

15.     The October 2009 oil spill resulted in the release of harmful quantities of fuel into Charleston Harbor.

16.     Defendants Black Med Lines and Fairsky failed to take necessary precautions to prevent the October 2009 oil spill.

17.     In response to the October 2009 oil spill, the United States Coast Guard launched a pollution protection and oil spill recovery effort that included spill management, boom operations, application of absorbent materials, and the cleaning of affected waters and shorelines within and outside of Charleston Harbor.  Recovery operations continued through October 30, 2009.

18.     Contractor Moran Environmental Recovery assisted with the pollution protection and oil spill recovery effort at the request of the United States.

19.     The cost to the United States of the October 2009 oil spill recovery effort was $354,091.73, including payments to Moran Environmental Recovery and other costs.

**COUNT I**

(Recovery of the October 2009 Oil Spill Removal Costs and Damages)

20.     The United States incorporates and restates the foregoing paragraphs 1 through 19.

21.    As a result of the October 2009 oil spill, natural resources as defined in the Oil Pollution Act have been injured, destroyed or lost.  The oil spill impacted shorelines within Charleston Harbor and along several islands outside of the harbor.  The United States asserts a claim for damages associated with the injury, destruction or loss of natural resources, including the cost to assess such loss.  33 U.S.C. §§ 2701(20), 2702(d).

22.    In addition, the United States expended removal costs and sustained damages within the meaning of the Oil Pollution Act, 33 U.S.C. § 2702(b).  To recover such costs, the United States asserts a claim on behalf of the National Pollution Funds Center, from which the United States paid those costs.

23.    Black Med Lines was an owner, operator or demise charterer of the M/V JOHN F.  As such, Black Med Lines is a responsible party within the meaning of the Oil Pollution Act.  33 U.S.C. § 2701(32).

24.    Fairsky was an owner, operator or demise charterer of the M/V JOHN F. As such, Fairsky is a responsible party within the meaning of the Oil Pollution Act. 33 U.S.C. § 2701(32).

25.    SIGCO was a guarantor of the M/V JOHN F within the meaning of the Oil Pollution Act.  As such, SIGCO is subject to the direct assertion of this claim against it. 33 U.S.C. §§ 2701(13), 2716(f)(1).

26.    The October 2009 oil spill was caused by the negligence, gross negligence, willful misconduct and violation of applicable safety and operating regulations by Black

Med Lines and Fairsky.

27.    The United States seeks recovery of damages, and recovery of all costs and expenses arising from the October 2009 oil spill recovery effort, including without limitation $354,091.73.

## COUNT II

(Declaratory Judgment that All Defendants are Liable under the Oil Pollution Act)

28.    The United States incorporates and restates the foregoing paragraphs 1 through 27.

29.    The United States is entitled to and seeks a declaratory judgment that Black Med Lines and Fairsky are responsible parties under the Oil Pollution Act; that SIGCO is a guarantor under the Act; that all defendants are jointly and severally liable for all removal costs and damages arising from the October 2009 oil spill; and, that the finding of liability against the defendants will be binding on any subsequent action or actions to recover further removal costs or damages.  33 U.S.C. § 2717(f)(2).

## RESERVATION OF RIGHTS AND NOTICE

30.    The United States reserves the right to amend this complaint and file additional complaints under statutory law, common law, and/or general maritime law, to assert claims for penalties, damages, and any other legal and equitable remedies authorized by law and regulation.

## PRAYER FOR RELIEF

The United States prays that the Court:

1.      Enter an order awarding the United States $354,091.73 plus interest for recovery costs expended during the October 2009 oil spill recovery;

2.      Enter an order awarding the United States monetary damages for the injury, destruction or loss of natural resources;

3.      Enter a declaratory judgment that all defendants are liable under the Oil Pollution Act for all removal costs and damages, and permitting the United States to seek recovery of specific costs and damages in this action or in a future civil action, as such costs and damages are quantified; and

4.      Grant such other relief as the Court deems just and proper.

Date: October 24, 2012                          Respectfully submitted,

                                                STUART F. DELERY
                                                Acting Assistant Attorney General

                                                WILLIAM N. NETTLES
                                                United States Attorney

                                                _s/Lee E. Berlinsky____
                                                LEE E. BERLINSKY Fed I.D. 05443
                                                Assistant United States Attorney
                                                151 Meeting Street, Suite 200
                                                Charleston, SC 29401

8

lee.berlinsky@usdoj.gov
Ph: (843) 266-1600
Fax: (843) 727-4443


Of Counsel:
Christopher L. Jones
Michael W. Kerns
Trial Attorneys
U.S. Department of Justice
Civil Division, Torts Branch
Aviation & Admiralty Litigation
P.O. Box 14271
Washington, DC 20044-1471
christopher.jones6@usdoj.gov
michael.kerns@usdoj.gov
(202) 616-4060/4020

8